UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY LEE WALKER,

        Petitioner,

vs.                              Case No. 3:09-cv-463-J-12MCR

WALTER MCNEIL, et al.,

        Respondents.

## ORDER

### I. Status

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 22, 2009. It challenges a 2006 state court (Duval County) conviction for dealing in stolen property on three grounds. Respondents filed a Response to Habeas Petition (Doc. #19) (hereinafter Response) with Exhibits (Doc. #20).[1] Petitioner filed a Traverse (Reply) (Doc. #23). See Order (Doc. #6). Respondents filed the Photographic Exhibits (Doc. #31), Ex. AA, as well.

---

[1] The Court hereinafter refers to the Exhibits as "Ex."

## II. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## III. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:
>
>> A state court decision is an unreasonable application of clearly

> established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed *de novo*, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.
>
> Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual findings] by clear and convincing evidence." [2] 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), petition for cert. filed, 79 USLW 3128 (U.S. Aug. 25, 2010) (No. 10-288).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus

---

[2] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts,[3] they must be evaluated under § 2254(d).

### IV. Timeliness

Respondents calculate that the Petition is timely filed, Response at 2-3, and the Court accepts this calculation.

### V. Exhaustion/Procedural Default

There are prerequisites to a federal habeas review:

> Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any

---

[3] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court. See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008), cert. denied, 129 S.Ct. 1336 (2009).

> constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

Maples v. Allen, 586 F.3d 879, 886 (11th Cir. 2009) (per curiam), petition for cert. filed, 79 USLW 3055 (U.S. July 9, 2010) (No. 10-63).

Procedural defaults may be excused under certain circumstances: "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or

prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

## VI. Ineffective Assistance of Counsel

In grounds one and three, Petitioner contends that he received ineffective assistance of trial counsel. "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he

> defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

## VII.  Grounds One and Three

In ground one, Petitioner claims he was denied his right to effective assistance of counsel, in violation of the Sixth Amendment, because counsel failed to seek the permissibly lesser included offenses for dealing in stolen property: grand theft and petit theft. This ground was raised in a Rule 3.850 motion in the state circuit court as Claim II. Ex. H at 10-11. The state responded. Id. at 16.

Ground three also presents a claim of ineffective assistance of counsel, claiming counsel was ineffective for failure to present a viable defense to dealing in stolen property, when the state relied on the essential element of recently stolen property. This ground was presented in the Rule 3.850 motion as Claim III. Id. at

11-12. The state responded, <u>id</u>. at 17, and the trial court denied the Rule 3.850 motion. <u>Id</u>. at 34.

The trial court, in denying the Rule 3.850 motion, said:

> Upon consideration, it is hereby **ORDERED AND ADJUDGED** that the defendant's Motion for Post Conviction Relief is hereby **denied** for the reasons set forth in the State's Response to Defendant's for [sic] Post Conviction Motion filed herein on March 28, 2008. (Attached hereto as Exhibit "A" and by reference made a part hereof.)

<u>Id</u>.

The State's Response to Defendant's Postconviction Motion first set forth the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard for finding a Sixth Amendment violation:

> In order for the court to find ineffective assistance of counsel, the Defendant must put forward sufficient evidence to meet the *Strickland* two-prong test and demonstrate that the defendant has not been afforded his constitutional right to counsel. *Strickland v. Washington*, 466 U.S. 668 1984)[.] *Strickland* requires that all 3.850 motions alleging ineffective assistance of counsel must first "show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*, at 687.

Ex. H at 15.

- 8 -

The response continued:

> The Defendant sets forth three (3) grounds for relief in his motion. The State will briefly respond below to each ground as to whether it sets forth a facially sufficient issue meeting the two-prong standard of *Strickland* and whether it raises a factual dispute best resolved by holding an evidentiary hearing.

Id.

With regard to Claim II, the state argued:

> Ground Two alleges ineffective assistance for failing to "request the lesser included instruction of grand theft and petit theft for dealing in stolen property where there existed a reasonable probability that a jury would have found him guilty of one of the lesser included offenses." A review of the record confirms that Ms. Papa did not request any lesser included offenses of Dealing in Stolen Property (see attached transcript pps. 111-113). However, the defense theory presented at trial was that the Defendant did not burglarize the business and did not steal the items that were found in his possession. The defense claim was also that the Defendant did not know the items were stolen. It would have been wholly inconsistent for his counsel to then request, and argue to the jury, that the Defendant was not guilty of Dealing in Stolen Property but instead Grand Theft or Petit Theft. This Ground has no merit and should be denied.

Id. at 16.

With respect to Claim III, the state asserted:

> In Ground Three, the Defendant claims his counsel failed to "present a viable defense to dealing in stolen property charge, where the state relied on the essential element of recently stolen property" The Defendant goes on to argue that "the State failed to meet the burden in proving both of these essential

> elements, thereby rendering counsel's performance ineffective for failing to present a valid and fruitful defense to the State's burden of proof." However, sufficiency of the evidence is not reviewable in a 3.850 motion. The Defendant's complaint centers on his belief in the State's failure to meet their burden, not with his counsel's performance. A review of the record and the defense closing argument shows that counsel argued exactly what the Defendant wished - failure to prove the elements of the crimes charged. (See attached transcript pps. 123-131). The Court denied the defense motion for a Judgment of Acquittal and the jury found the Defendant guilty. This Ground fails to state a cognizable claim and should be denied.

Id. at 17.

The trial court's decision was per curiam affirmed by the First District Court of Appeal. Ex. K. The mandate issued on December 16, 2008. Ex. L. The decisions of the trial court and the First District Court of Appeal are entitled to AEDPA deference. The adjudications of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on grounds one and three because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.

In the alternative, Petitioner is not entitled to relief on grounds one and three raised in the Petition. Counsel's performance was reasonable under prevailing professional norms.

Furthermore, Petitioner was not prejudiced by counsel's performance. Indeed, Petitioner was acquitted on two of the three counts he faced at trial. Ex. B at 56-58.

The Court is not convinced that the result of the proceeding would have been different had counsel requested jury instructions on lesser permissible offenses. The jury was instructed: "If you return a verdict of guilty it should be for the highest offense which has been proven beyond a reasonable doubt." Ex. C at 173. Here, the jury found that Petitioner trafficked in or endeavored to traffic in an airless painter, and he knew or should have known that the airless painter was stolen. See id. at 166.

The instructions included the following:

> Proof of possession of property recently stolen unless satisfactorily explained gives rise to the inference that the person in possession of the property knew or should have known that the property had been stolen. Proof of the attempted sale of stolen property at a price substantially below fair market value unless satisfactorily explained gives rise to an inference that the person buying or selling the property knew or should have known it was stolen.

Id. at 167.

At trial there was testimony that the airless painter was worth $3,000.00 to $4,000.00 new, id. at 32, 55, and about $1,500.00 in its current condition. Id. at 55. It was attested that Petitioner offered to sell the item for $100.00. Id. at 31, 40. There was sufficient evidence presented at trial to support the jury's verdict of guilt for dealing in stolen property.

With regard to Petitioner's argument that counsel failed to put on a reliable defense, defense counsel strongly argued that the state failed to put forth sufficient evidence to support a claim of dealing in stolen property. Id. at 128-30, 155-60. The defense offered at trial was the mere possession of the item was insufficient to support a finding of guilt of dealing in stolen property. It was argued that Petitioner was not actively attempting to sell the item, but Mr. Flournoy was trying to get a bargain on an airless painter and approached Petitioner. Id. at 156.

Petitioner has failed to satisfy either prong of the Strickland two-pronged standard. Counsel's performance was not deficient, and Petitioner was not prejudiced by counsel's performance. Petitioner is not entitled to habeas relief on grounds one and three of the Petition.

### VIII. Ground Two

In the second ground, Petitioner asserts that he was deprived of due process of law when the trial court modified the standard jury instruction for proof of possession of property recently stolen to support the elements of dealing in stolen property. The jury was instructed:

> I'll now define the elements of dealing in stolen property, the charge in Count II. To prove the crime of dealing in stolen property, the State must prove the following two elements beyond a reasonable doubt. Number one, Jeffery Lee Walker trafficked in or endeavored to traffic in an airless pointer

> [sic], number two, Jeffery Lee Walker knew or should have known that the airless painter was stolen.
>
> Property means anything of value.
>
> Stolen property means property that has been the subject of any criminally wrongful taking or if the property has not been stolen that it was offered for sale to Jeffery Lee Walker as stolen property.
>
> Traffic means to sell, transfer, distribute, dispense, or otherwise dispose of property. And to buy, receive, possess, obtain control of or use property with the intent to sell, transfer, distribute, dispense or otherwise dispose of that property.

Ex. C at 166-67.

The specific instruction at issue is:

> Proof of possession of property recently stolen unless satisfactorily explained gives rise to the inference that the person in possession of the property knew or should have known that the property had been stolen. Proof of the **attempted sale** of stolen property at a price substantially below fair market value unless satisfactorily explained gives rise to an inference that the person buying or selling the property knew or should have known it was stolen.

Id. at 167 (emphasis added).

Petitioner contends that the trial court abused its discretion by modifying the above-mentioned instruction from sale to "attempted" sale of stolen property. As a result, he claims, he was denied due process of law.

Respondents assert that the due process claim is unexhausted and procedurally defaulted because the state courts were not

- 13 -

alerted to the possibility a federal claim was being made as the issue was presented in the trial court and the appellate court as a state law issue. Response at 3-9. This Court does not accept this contention.

On direct appeal, under Issue Presented, Petitioner presented his due process claim, citing the right to due process of law secured by both the Constitution of the State of Florida and the Constitution of the United States of America. Ex. E at 8. The state responded to the assertion of deprivation of due process of law. Ex. F at 6-9. Indeed, the state argued: "[e]ven if appellant could raise a due process challenge where, as here, the issue was not preserved below, it is apparent that no constitutional violation occurred as he was clearly on notice that the information encompassed both the completed act and the attempt to commit the act." Id. at 8.

The Supreme Court of the United States, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)). To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary

- 14 -

> review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court: by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." Id. at 32.

Here, the appellate brief adequately supplied the aforementioned federal or constitutional references by referring to the Due Process Clause of the United States Constitution. Upon review of Petitioner's direct appeal brief, the Court finds Petitioner adequately raised a federal claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Ex. E at i, 8. Thus, the federal claim was fairly presented to the state court, and Petitioner adequately exhausted the federal nature of his claim. Ground two is not procedurally defaulted.

On July 26, 2007, the First District Court of Appeal affirmed Petitioner's conviction and sentence. Ex. G. Thus, there is a qualifying state court decision.

Upon consideration of ground two, however, Petitioner is not entitled to habeas relief. The decision of the First District Court of Appeal is entitled to deference under AEDPA. The

adjudication of the appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground two because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 24-27.

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

Under count two, Petitioner was charged with dealing in stolen property: "JEFFERY LEE WALKER on August 27, 2005, in the County of Duval and the State of Florida, **did traffic in or endeavor to traffic in property** of WESLEY FILES, to-wit: AIRLESS PAINTER, that

- 16 -

he knew or should have known was stolen, contrary to the provisions of Section 812.019(1), Florida Statutes." Ex. B at 11. After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed the offense of dealing in stolen property. The modification of the instruction did not result in a miscarriage of justice or confuse or mislead the jury since "did endeavor to traffic in property" is another way of saying "did attempt to traffic in property." It follows that the instruction for proof of possession of property recently stolen could be changed from "sale of stolen property" to "attempted sale of stolen property," as the "attempted sale" phrase is consistent with the definition of the offense of dealing in stolen property. In sum, this alteration did not serve to confuse or mislead the jury, instead it provided a modification consistent with the charge and the circumstances presented in the case. Petitioner is not entitled to habeas relief on ground two.

## IX.  Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 17TH day of November, 2010.

                                                          Howell W. Melton
                                                    UNITED STATES DISTRICT JUDGE

sa 11/3
c:
Jeffery Lee Walker
Ass't A.G. (Hill)